IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

ARON FREELAND,

    Plaintiff,

v.                                CIVIL ACTION NO. 1:23-00056

JASON COLLINS, Superintendent,
Denmar Correctional Center and Jail,

    Defendant.

### MEMORANDUM OPINION AND ORDER

    By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tinsley submitted to the court his Findings and Recommendation ("PF&R") on September 21, 2023, in which he recommended that the district court dismiss plaintiff's petition for writ of habeas corpus and this civil action without prejudice to plaintiff filing a new civil rights complaint in the appropriate federal court.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Tinsley's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's

right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the required time period.  Plaintiff did, however, file a motion asking for leave to dismiss his case without prejudice and essentially agreeing with the PF&R.  See ECF No. 25.  That motion is **GRANTED**.  Plaintiff's motion for an extension of time to file objections (ECF No. 24) is **DENIED** as moot.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Tinsley, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DISMISSES** plaintiff's petition for writ of habeas corpus and this civil action without prejudice to plaintiff filing a new civil rights complaint in the appropriate federal court.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v.

McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff and counsel of record.

**IT IS SO ORDERED** this 27th day of June, 2024.

ENTER:

*[signature: Daniel A. Faber]*

David A. Faber
Senior United States District Judge